ORDER OF REMAND
GARY P. SULLIVAN, Chief Justice.
A Petition for Review (mislabeled “Motion to Intervene and Stay Pending Appeal and Application of Appeal”) having been filed on July 6, 2001, by Patrick Walton, pro-se, the biological father of C.W., from a denial of a Motion to Intervene issued on July 6, 2001, the Honorable Juanita Azure, presiding. After review of the record in this matter this Court finds:
*336 1. On August 19,1999, appellant signed a “Consent to Termination of Parental Rights under the Indian Child Welfare Act.” The consent was also signed by “John Christian, Judge, Fort Peck Tribes”.
2. On July 3, 2001, a hearing was held in a custody contest for C.W. between C.W.’s biological mother and paternal grandmother, Patricia Bauer and Loretta Walton, respectively
3. On July 6, 2001, appellant filed a ‘Motion to Intervene’ in the custody proceedings. The Tribal Court denied appellant’s Motion without comment on the same day.
4. On July 24, 2001, the Tribal Court issued its ‘Interim Order’ in the custody proceeding wherein the Court awarded “Joint custody ... to Loretta Walton and Patti Bauer.” The order was to be reviewed by the Court within six (6) months with Counsels for the parties to submit “a report to the court in three (3) months.” In its July 24, 2001 order, the Court also determined that the voluntary termination of parental rights signed by appellant was void inasmuch as the proposed adoption for which the consent was given, did not take place.
Based upon the foregoing and good cause appearing:
IT IS NOW THEREFOR THE ORDER OF THIS COURT:
Appellant’s rights as C.W.’s biological father were violated by the Court’s denial of his Motion to Intervene. Accordingly, this, matter is remanded to the Tribal Court with instructions to give notice to Patrick Walton of all future proceedings regarding C.W. and to allow Ms full participation in such proceedings. If appellant desires to file his own Petition for custody he should do so immediately, but not later than twenty (20) days from the date of this Order. Further, the Court shall conduct the “review hearing”, referenced in its July 24, 2001 order, to determine the permanent custody of C.W. within sixty days of the date of this Order, providing notice to all parties, including Patrick Walton. Any final custodial order of the Court shall be in full compliance with Owens v. Matthews FPCOA # 336, 2000 WL 35716694, 2 Am. Tribal Law 215 (2000).
CONCUR: GERARD M. SCHUSTER, Associate Justice, CARROLL J. DeCOTEAU, Associate Justice.